IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REZA VAFAIYAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-136 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of prison disciplinary proceeding no. 20130191217. Petitioner is in respondent's custody pursuant to a March 30, 2006 conviction for the felony offense of money laundering out of Wichita County, Texas. Following his conviction Petitioner received a life sentence.

According to the information provided by Petitioner, he was found guilty of committing the prison disciplinary offense of failing to obey an order. On March 20, 2013, he was assessed punishment as follows: (1) forty-five (45) days of cell restriction and loss of recreation; (2) forty-five (45) days commissary restriction; (3) fifteen (15) days of solitary confinement; and (4) loss of ninety (90) days of good time. Petitioner submitted Step 1 and Step 2 grievances which were denied.

On June 4, 2014, Petitioner filed the instant § 2254 Petition. The Court understands Petitioner to raise the following grounds:

(1) The disciplinary proceedings consisted of multiple procedural violations;

(2) Petitioner was denied an impartial hearing officer;

(3) There was insufficient evidence to prove that Petitioner disobeyed an order;

(4) Petitioner was denied the opportunity to present witnesses, documentary evidence and other rights in violation of due process.

Petitioner challenges the loss of his good-time credits. Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Texas, only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

In this case, Petitioner is not eligible for release to mandatory supervision because he is serving a life sentence. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (holding prisoners sentenced to life in prison are not eligible for mandatory supervised release and therefore have no constitutionally protected interest in such release). Since Petitioner is not eligible for release to mandatory supervision, he fails to state a constitutional claim regarding the loss of good-time credits.

To the extent Petitioner also challenges the loss of commissary privileges, reduction in line classification, and loss of recreation privileges, such claims do not implicate a protected constitutional interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding commissary and cell

restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d 192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Consequently, petitioner's habeas application is without merit and should be DENIED.

To the extent Petitioner attempts to raise civil rights violations alleging retaliation and conspiracy, those claims should have been raised in a civil rights action under 42 U.S.C. § 1983. This Court will not sever such claims because Petitioner is barred from proceeding *in forma pauperis* in any civil rights action unless he is under imminent danger of serious physical injury pursuant to the three-strikes provisions of 28 U.S.C. § 1915.[1] Petitioner, of course, is free to file a § 1983 lawsuit and pay the appropriate filing fees.

Finally, the Court notes that at least two previous petitions challenging disciplinary actions have been denied because Petitioner is not eligible for mandatory supervision. *See* Civil Action No. 2:13-CV-107, denied May 30, 2013; and Civil Action No. 2:14-CV-094, denied May 30, 2013.

Even *pro se* litigants, who are given considerable latitude, do not have the right to abuse the court system by repeatedly filing frivolous claims and motions. *Myers v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). When it becomes clear that a litigant is a major consumer of court time who continually wastes judicial resources, sanctions are an appropriate remedy. *Id.* It appears Petitioner mailed this petition one day prior to the dismissal of the two petitions referenced above, although it would have been after issuance of the Reports and Recommendations.

---

[1] See Order entered January 27, 2010, in Appeal No. 08-10919 in the United States Court of Appeals for the Fifth Circuit.

Therefore, rather than issuing any sanctions at this time, petitioner is WARNED that if he continues to file frivolous pleadings or motions, he will be subject to sanctions. Possible sanctions include inability to proceed *in forma pauperis* in any action before this Court and prohibition from filing any civil action, including habeas corpus actions, in this Court unless petitioner has obtained leave of the Court through a proper motion for leave to file such new lawsuit or petition.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner be DENIED, and any claims arising under 42 U.S.C. § 1983 should be dismissed.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of July, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).